UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAX IMPLANTS &
DENTURES, PLLC,

    Plaintiff,

v.                                        CASE NO. 3:24-cv-1086-HES-SJH

LOOK IMPLANT SUPPLY,
LLC,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Application for Entry of Default ("Motion"). Doc. 12. The Motion is due to be denied without prejudice for several reasons.

Plaintiff previously moved for default judgment. Doc. 9. That motion was denied without prejudice as premature because no default had been entered. Doc. 11. The instant Motion is similarly deficient, as it simply repackages the prior premature motion for default judgment with a new title. Doc. 12. Indeed, though now *titled* as an application for default, the Motion is substantively the same as the prior motion and requests a default *judgment*, which remains premature. *Id.*; *see also* Doc. 11.

In addition, Rules 5(a) and 5(d) of the Federal Rules of Civil Procedure require that written motions be served on every party and that a certificate of

service be filed (unless a paper is served by filing it with the court's electronic-filing system). Here, the Motion includes no certificate of service and gives no indication it was ever served on Defendant (who has yet to appear to receive electronic service via CM/ECF). *See* Doc. 12. For this additional reason, the Motion is due to be denied without prejudice. *See PNC Equip. Fin., LLC v. Taos Ventures, LLC*, No. 5:13-cv-529-Oc-PRL, 2014 WL 12625121, at *1 (M.D. Fla. Mar. 21, 2014) ("'Nothing in the text of Rule 55 excuses the service requirement for requests for entry of default (as distinguished from motions for default judgment), and Rule 5(a) on its face requires such service.'") (citation omitted); *see also Ferrara Candy Co. v. Exhale Vapor LLC*, No. 2:17-cv-512-FtM-38MRM, 2017 WL 10591766, at *1 (M.D. Fla. Nov. 27, 2017).

Finally, Local Rule 3.01(a) requires that "[a] motion must include … a legal memorandum supporting the request." Plaintiff's Motion fails to do so. Doc. 12. This also warrants denial without prejudice of the Motion; any renewed motion must include a memorandum of law and should adequately address, with citations to authority, why service of process on Defendant (a prerequisite to a clerk's default) was proper. *See Staley v. Health First, Inc.*, No. 6:24-cv-621-CEM-LHP, 2024 WL 2815858, at *1 (M.D. Fla. June 3, 2024).

Thus, the Motion, Doc. 12, is **denied without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on April 3, 2025.

                                                Samuel J. Horovitz
                                                United States Magistrate Judge

Copies to:

Counsel of Record