UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAX IMPLANTS & DENTURES,
PLLC,

      Plaintiff,

v.                                                                                    CASE NO. 3:24-cv-1086-HES-SJH

LOOK IMPLANT SUPPLY, LLC,

      Defendant
_____/

# ORDER

**THIS CAUSE** is before the Court on Plaintiff's Application for Entry of Default and Memorandum of Law in Support ("Motion"). Doc. 32. The Motion is due to be denied.

By way of background, on January 24, 2025, Plaintiff moved for default judgment against Defendant. Doc. 9. That motion was denied without prejudice as premature because an entry of default must precede an entry of default judgment. Doc. 11. Plaintiff then filed what it titled as an application for default, Doc. 12, which was denied without prejudice because *inter alia* it included no supporting memorandum of law and simply repackaged the prior premature motion for default judgment with a new title and continued to prematurely request default judgment, Doc. 14.

Plaintiff thereafter filed another application for entry of default and separate memorandum of law. Docs. 24, 25. Its efforts were again deficient and again denied without prejudice. Doc. 31. Among other deficiencies, the Court explained that (i) "the

address cited for attempted service (Apartment 18904) does *not* correspond to the address the Georgia Secretary of State has on file for [Defendant's registered agent,] James Lee (*i.e.*, 325 E Paces Ferry Rd NE, Apt 1804, Atlanta, GA, 30305)": and (ii) "even if the prerequisites for substitute service through the Georgia Secretary of State under [the statute invoked by Plaintiff, Ga. Code Ann.] § 9-11-4(e)(1)(A) were otherwise met, Plaintiff fails to show it complied with the requirements to perfect such service" in that "there is no evidence that Plaintiff followed *all* statutory requirements for service on the Georgia Secretary of State (and no evidence that Plaintiff served the required affidavit, as opposed to the summons and complaint, on the Secretary of State)." *See generally* Doc. 31.

Plaintiff filed the instant Motion on July 15, 2025. Doc. 32 Plaintiff contemporaneously filed a supporting declaration from its counsel, but that declaration was incomplete, Doc. 33. After multiple tries and orders from the Court, Docs. 35, 36, 37, Plaintiff eventually filed a complete declaration, Doc. 38.

No further service efforts were made on Defendant following the Court's most recent denial of entry of a clerk's default; the Motion instead attempts, arguing based on new facts not included in Plaintiff's prior filings, to convince that substitute service via the Georgia Secretary of State was already perfected. *See generally* Docs. 32, 38. The Court is not convinced.[1]

---

[1] As a preliminary matter, to the extent the Motion could be construed to again seek default judgment prior to an entry of default, any such request remains premature and due to be denied for the reasons previously stated.

2

As set forth above, Plaintiff previously argued that substitute service was perfected on the Georgia Secretary of State under Ga. Code § 9-11-4(e)(1)(A) ("§ 9-11-4(e)(1)(A)"). Doc. 25. The Court identified two substantive obstacles precluding a finding that such substitute service was perfected.[2] *First*, the Court identified a disconnect between the address used for attempted service on Defendant's registered agent and that registered with the Georgia Secretary of State. Doc. 31 at 3-4. *Second*, there was no evidence that the affidavit required under Georgia law (as opposed to the summons and complaint) had been served on the Secretary of State. *Id.* at 4-5.

Attempting to address these issues, the Motion acknowledges the address discrepancy noted by the Court (*i.e.*, apartment 18904 vs. 1804) but argues that its process server "attempted service at both addresses" and "[b]oth attempts failed." Doc. 32 at 5. In support, Plaintiff cites an affidavit from its process server stating that, although not stated in the return of service, when attempting service he "learned that there is no Apt. 18094" and that Mr. "Lee, the registered agent, had previously lived in Apt. 1804, so" he attempted service at that address without success and learned that "Mr. Lee no longer lived at the address." Doc. 38-3 at 2-3. With respect to service on the Secretary of State, the process server stated that the full service packet included the affidavit for service on the Secretary of State. *See id.* at 3, 7-48.[3] Based on these

---

[2] Familiarity with the Court's prior discussion is presumed, and the Court repeats only what is necessary for context.

[3] The undersigned will for present purposes presume this is true even though it appears inconsistent with the face of the service packet itself, which does *not* reference the affidavit

3

additional facts, Plaintiff argues that service was proper under § 9-11-4(e)(1)(A) and further argues for the first time that it was proper under Ga. Code Ann. § 14-11-209(f) ("§ 14-11-209(f)"). *See* Doc. 32.[4]

It is unclear why Plaintiff presents these additional facts and arguments only after the extensive efforts devoted to its prior deficient filings.[5] Regardless, even considering them, the undersigned is not convinced Plaintiff has shown proper service. Given the centrality of notice to due process, service requirements are generally strictly construed. *See, e.g., Simmons v. Turner*, 896 S.E.2d 129, 132 (Ga. Ct. App. 2023).

Plaintiff argues that it was proper to pursue substitute service through the Secretary of State because when attempting service, its process server "learned that there is no Apt. 18094" and that Mr. "Lee, the registered agent, had previously lived in Apt. 1804, so" he attempted service at that address without success and learned that "Mr. Lee no longer lived at the address." Doc. 38-3 at 2-3. This contention is

---

Plaintiff and its process server now contend was served all along. *See id.* at 8.

[4] Plaintiff's discussion does not address all requirements under the newly raised § 14-11-209(f). *See* Doc. 32 at 6-8. For example, Plaintiff does not meaningfully address the separate "reasonable diligence" requirement under that statute. *See id.* at 3, 6-8. It is certainly possible such requirement was satisfied under the circumstances, but Plaintiff's failure to discuss this with supporting authority further warrants denial to the extent the Motion relies on § 14-11-209(f), in addition to the other issues identified herein. *See, e.g., Se. Hisp. Region of Church of God of Prophecy, Inc. v. Church Mut. Ins. Co. S. I.*, No. 6:21-cv-933-CEM-EJK, 2021 WL 10555391, at *2 (M.D. Fla. July 29, 2021); *E A Tapping Servs., LLC v. CDM Constructors Inc.*, No. 6:19-cv-1190-CEM-LRH, 2021 WL 1985338, at *9 (M.D. Fla. Feb. 23, 2021).

[5] To the extent the Motion can be construed to seek reconsideration, it fails. *See, e.g., Gorbey v. Davis*, No. 5:23-cv-429-WFJ-PRL, 2024 WL 1619372, at *1 (M.D. Fla. Apr. 15, 2024); *Graziano v. Schelling*, No. 2:22-cv-34-SPC-KCD, 2023 WL 6586088, at *1, *3 (M.D. Fla. Oct. 10, 2023).

unavailing. Preliminarily, the contention "that there is no Apt. 18094" adds to the confusion and does not even fully resolve any address discrepancy with Apartment *18904*. *Compare* Doc. 32 at 5 *with* Doc. 38-3 at 2. The undersigned will nevertheless assume *arguendo* that this was a (sworn) scrivener's error and that the process server attempted service at both Apartment 18904 and 1804, learning that the former (Apartment 18904) did not exist. If Apartment 18904 was confirmed to not exist, that means that the requisite certified mail sent to Defendant before service on the Secretary of State was sent to an address *known not to exist* notwithstanding the presence of another viable (even if potentially former) address listed for the registered agent.[6] *See* Doc. 38-3 at 39, 44, 47. The mailing was also addressed to the registered *agent* alone but not sent to the registered agent's registered address (instead to the apparently nonexistent office address on file). *See id.* In addition, other statements in the affidavit were incorrect (*e.g.*, stating the registered agent's "address on file with the Georgia Secretary of State, which is 325 East Paces Ferry Road Northeast, Apt. 18904"), misleading (*e.g.*, stating the "process server learned that the registered agent, James Lee, no longer lived at the address" with apartment number 18904, when the process server had determined no such address existed), or otherwise in doubt (*e.g.*, "although Mr. Lee left no forwarding address" from the nonexistent apartment number). *See id.* at 39.

---

[6] Assuming, for example, that Mr. Lee had in fact moved but left a forwarding address, then mail sent to a nonexistent address may have been left undelivered whereas mail to a former address might have been forwarded.

Under the circumstances, then, the undersigned cannot conclude that the proffered substitute service strictly complied with the statutory requirements under Georgia law or due process.[7]

Accordingly, Plaintiff's Motion, Doc. 32, is **denied**. Plaintiff shall have up to and including **September 8, 2025**, to perfect and file proper proof of service on Defendant. Failure to do so may result in dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida, on August 8, 2025.

                                                  Samuel J. Horovitz
                                                  United States Magistrate Judge

Copies to:

Counsel of Record

---

[7] The undersigned recognizes that Defendant may have failed to comply with Georgia law by having incongruous addresses for its registered agent and office (with the latter apparently nonexistent). None of that, however, excuses strict compliance with all statutory and due-process requirements for substitute service. Should Defendant continue to pursue substitute service, it may, in addition to compliance with all other statutory requirements and mailing to any other known potential addresses, ultimately be necessary to attempt service at and send the requisite-mail notice to both the Apartment 1804 and 18904 addresses. The Court expresses no view at this time, however, on the ultimate steps needed to perfect any substitute service under the circumstances.

6